## THE C. W. MILLS.

## THE MARY WITTICH.

(District Court, S. D. Alabama, S. D.   December 17, 1915.)

### No. 1522.

1. TOWAGE ⊂═⊃19—RELATION OF TUG TO TOW.
    The relation of tug to tow under ordinary circumstances is that of independent contractor, and not that of agent and principal, or employé and employer, and the tow is not responsible for the acts of the tug.
    [Ed. Note.—For other cases, see Towage, Cent. Dig. § 41.]

2. COLLISION ⊂═⊃59—TOWAGE ⊂═⊃19—VESSEL IN TOW—LIABILITY OF TOW.
    If a tow collides with another vessel, or any other object subject to admiralty jurisdiction, as a beacon or channel light, it is not liable for the damage caused thereby, unless some negligence contributing to the collision is proved against it.
    [Ed. Note.—For other cases, see Collision, Cent. Dig. § 72; Towage, Cent. Dig. § 41.]

3. TOWAGE ⊂═⊃19—LIABILITY OF TUG OR TOW.
    If a tow is on a hawser, the liability for a collision is upon the tug if the tow steered properly, but upon the tow if the proximate cause of the collision was wild steering on its part.
    [Ed. Note.—For other cases, see Towage, Cent. Dig. § 41.]

4. TOWAGE ⊂═⊃19—CARE REQUIRED OF TUG.
    The care required of a tug with a tow is only ordinary care; but ordinary care of those engaged in towing is a high degree of care, because they hold themselves out as experts.
    [Ed. Note.—For other cases, see Towage, Cent. Dig. § 41.]

⊂═⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Towage ⬦⟶19—Duties of Tug—Making up Tow.**

It is the duty of the tug to see that the tow is properly made up, and that the lines are sufficient and securely fastened, whether she furnishes the lines to the tow or the tow to her.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 41.]

**6. Towage ⬦⟶19—Injury to Beacon by Tow—Liability of Tug.**

A tug with a schooner in tow *held* liable for injury to a beacon, with which the tow came into collision, and which was outside the channel where the tow should have been kept; no contributory fault being found in the navigation of the schooner.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 41.]

In Admiralty. Suit by the United States against the schooner C. W. Mills (Mobile Towing & Wrecking Company, claimant), the tug Mary Wittich, and Thomas L. Cook, pilot. Decree for libelant against the tug Wittich.

Decree affirmed, 241 Fed. 378, —— C. C. A. ——.

Alexander D. Pitts, U. S. Dist. Atty., of Selma, Ala., for the United States.

G. L. Smith & Son, of Mobile, Ala., for The C. W. Mills.

Hanaw & Pillans, of Mobile, Ala., for The Mary Wittich.

Stevens, McCorvey & McLeod, of Mobile, Ala., for Cook.

TOULMIN, District Judge. [1, 2] The relation between tug and tow, under ordinary circumstances, is that of independent contractor, not that of principal and agent. The tug is not the servant or employé of the tow, and the tow is not responsible for the acts of the tug. If the tow collide with some vessel on the voyage, it is not liable for the damage caused thereby, unless some negligence contributing to the collision be proved against the tow. The tow is not liable for the tug's acts, where the latter directs the navigation. The same rule applies where the tow collides with any object subject to admiralty jurisdiction, other than a vessel, such, for instance, as a beacon or channel light. Hughes, Admiralty, pp. 119, 121, 122.

[3] If the tow is towing at the end of a hawser, the liability would be upon the tug if the tow steered properly, but would be upon the tow if the proximate cause of the collision was wild steering on its part. Hughes, Admiralty, 122.

[4] The care required of a tug with tow is only ordinary care. But ordinary care required of those engaged in the profession of towing is a high degree of care, for they hold themselves out as experts. The measure of care required is similar to that required of pilots. They are, in fact, pilots. "As an expert, a tugboat man must know the channel and its usual currents and dangers, and the proper method of making up tows." Hughes, Admiralty, 123; The Dora Allison (D. C.) 213 Fed. 645.

[5] It is the duty of the tug to see that the tow is properly made up, that the lines are sufficient and securely fastened, and whether she furnished the lines to the tow, or the tow to her. It is said that:

"In the nature of the employment, her officers could tell better than the men on the boats what sort of a line was required to secure the boats to-

gether, and to keep them in their positions. If she failed in this duty she was guilty of a maritime fault." The Quickstep, 9 Wall. (76 U. S.) 665, 19 L. Ed. 767.

"A tug with vessels in tow * * *. is bound to consult their safety as well as her own. She must see that what clears her of danger does not put them in peril. For many purposes they may be regarded as a part of herself. They have the benefit of her traction, and she the burden of their inertia." The Syracuse, 9 Wall. (76 U. S.) 672, 19 L. Ed. 783.

[6] The tug was in fault because of the failure of the master to keep watch to see that the tow was following, so as to keep inside the channel, and within the line of the buoys which marked the channel. The N. & W. No. 2 (D. C.) 102 Fed. 921. It is the duty of a tug to take her tow by the usual channel course; the tug Wittich evidently had gone considerably to the eastward of the usual course, and so deviated from said course as to run her tow into collision with the beacon light and materially damage it. The respondent Wittich denies negligence, and claims that the Mills was towed in the customary manner and in or near the middle of the channel. The weight of the evidence shows the contrary, and shows that the beacon with which the tow collided was on the east side of the channel, where the water was only about 14 feet deep. The channel proper was 200 feet wide at the bottom and 28 feet deep. By observing and conforming to the customary course through the channel, it would, in my opinion, have been impossible for the tug to have gotten far enough to the east of the middle of the channel as to have brought her tow upon this beacon. There were no circumstances to require or justify a departure from the usual course.

I do not find from the evidence any negligence or fault on the part of the schooner Mills, or the pilot in charge of her, contributing to the collision. But the weight of the evidence satisfies me that, from want of care, ignorance of the channel, negligence, or lack of maritime skill in the navigation of the tug and tow, on the part of those in charge of the tug, makes the tug Mary Wittich responsible for the collision and answerable for the damage resulting therefrom.

Decree for the libelant for $415.90, with costs.