### UNITED STATES v. THE DOLPHIN.

(District Court, D. Massachusetts. February 1, 1923.)

No. 2252.

Customs duties ⬤130—Tug towing barge laden with liquor held subject to forfeiture.

Where a vessel from a foreign port, carrying a quantity of intoxicating liquor, proceeded to a point off the coast within four leagues thereof, where she was met by a barge towed by a tug, and the liquor was there

transshipped to the barge, which was towed by the tug to a pier, where the cases and barrels containing the liquor were unladen and taken on shore without any permit from any collector of customs or any naval officer as required by Rev. St. § 2872 (Comp. St. § 5563), the tug was subject to forfeiture under section 2874 (Comp. St. 5565); tug being equally guilty with barge.

Libel by the United States to enforce the forfeiture of the ocean tug Dolphin. Exceptions of claimant not allowed.

The United States Attorney.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for defendant.

BREWSTER, District Judge. This libel is brought to enforce the forfeiture of the ocean tug Dolphin under the provisions of section 2874 of the Revised Statutes (Comp. Stat. § 5565). The owner of the tug excepts to the libel on the ground (1) that the facts alleged therein are insufficient in law to constitute and support a cause of action in forfeiture; and (2) that the court is without jurisdiction to entertain the libel.

The libelant in the libel alleges that the steamship Korona, bound for the United States, took on board at the island of Bermuda, a foreign port, a quantity of liquor, and proceeded to a point off the coast of Rhode Island within four leagues of the coast, where she was met by the barge William J. Lermond, which was towed by the tug Dolphin; that the liquor was there transshipped to the barge, which was towed by the tug to a pier at Newton creek, Brooklyn, N. Y., where the cases and barrels containing the whisky were unladen from the barge and brought on shore without any permit from any collector of customs or any naval officer for said unloading, as required by section 2872 of the Revised Statutes (Comp. Stat. § 5563); that it was unladen before the Korona had come to a proper place for the discharge of her cargo, or had been authorized to unload; that the master of the steamship Korona, of the barge, and of the tug Dolphin were all privy and consenting to all the acts alleged; that the value of said merchandise was, according to the highest market price at the port where landed, in excess of $400.

Sections 2872 and 2874 of the Revised Statutes (Comp. St. §§ 5563, 5565) provide as follows:

"Sec. 2872. Expect as authorized by the preceding section, no merchandise brought in any vessel from any foreign port shall be unladen or delivered *from such vessel* within the United States but in open day—that is to say, between the rising and the setting of the sun—except by special license from the collector of the port, and naval officer of the same, where there is one, for that purpose, nor at any time without a permit from the collector, and naval officer, if any, for such unlading or delivery. * * *

"Sec. 2874. All merchandise, so unladen or delivered contrary to the provisions of section twenty-eight hundred and seventy-two, shall become forfeited, and may be seized by any of the officers of the customs; and where the value thereof, according to the highest market price of the same, at the port or district where landed, shall amount to four hundred dollars, the vessel, tackle, apparel, and furniture shall be subject to like forfeiture and seizure."

Statutes of similar purport were construed many years ago and it was held that the vessel which may be forfeited need not be the vessel that brought the merchandise from the foreign port. If the merchandise came from a foreign port and in the course of the voyage was transshipped to another vessel, the vessel from which they were unladen in violation of the statute was liable. The Harmony, 1 Gall. 123, Fed. Cas. No. 6,081; Jackson v. United States, 4 Mason, 189, Fed. Cas. No. 7,149. But it is contended by the claimant that upon the facts alleged the United States has no right under the statutes above quoted to declare a forfeiture of the tug. The relation of a tug to the cargo of the barge has been considered in this court. If the tug and barge are owned by distinct owners, the tug is not held to be engaged in transporting merchandise, so as to come within a statute limiting liability. Act Feb. 13, 1893, 27 Stats. 445 (Comp. St. §§ 8029–8035); The Murrell (D. C.) 200 Fed. 826. So when the tug is owned by the party chartering the barge and the cargo belonged to that party (Baltimore & Boston Barge Co. v. Eastern Coal Co., 195 Fed. 483, 115 C. C. A. 393), and when the tug and barge are owned by the same party and the barge is chartered to the owner of the cargo (The Coastwise [D. C.] 230 Fed. 505). The relation between the tug and tow under ordinary circumstances is that of an independent contractor, not that of principal and agent. The tug is not the servant or employee of the tow, and the tow is not responsible for the acts of the tug (The C. W. Mills [D. C.] 241 Fed. 204, affirmed in 241 Fed. 378, 154 C. C. A. 651; The J. P. Donaldson, 167 U. S. 599, 604, 17 Sup. Ct. 951, 42 L. Ed. 292); nor are they to be treated as a single maritime adventure within the scope of the law of general average (The J. P. Donaldson, 167 U. S. 606, 17 Sup. Ct. 951, 42 L. Ed. 292).

But it is sufficiently alleged in the libel that the tug, equally with the barge, participated in the smuggling. The real question presented would seem to be whether the statute should be limited to the vessel from which the merchandise is unladen or delivered contrary to the statute, or whether it is intended to work a forfeiture of all vessels that participated in the commission of the unlawful act. If the statute is to be construed strictly, and confined solely to the vessel from which the merchandise was unladen, the above authorities would establish the proposition that there was not such an identity between the tug and the barge as would justify the court in holding that the tug was the vessel from which the merchandise was unladen.

On the other hand, the tug and barge, constituting a flotilla, are for some purposes treated as one vessel. Thus, if a barge collides with another vessel through the fault of the tug, the tug may be liable; and if the statute be construed so as to effectively reach the instruments of the crime, it could very properly be said that the tug was equally guilty with the barge on the allegations set forth in the libel.

We are inclined to the opinion that the statute should be construed so as to accomplish the purposes for which it was clearly intended. To hold otherwise would be to leave a wide opening for the violation of the statute, without incurring the liability to forfeiture of the instruments that were used in committing the crime. The exceptions, therefore, of the claimant are not allowed.